# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 4:11CR3 |
| | § | |
| CESAR NICHOLAS MORALES (17) | § | |

## MEMORANDUM OPINION AND ORDER
## CONCERNING DETENTION PENDING TRIAL

On February 28, 2011, Defendant Cesar Nicholas Morales appeared for a detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), before United States Magistrate Judge Don D. Bush. At the conclusion of the detention hearing, the Magistrate Judge found that the Defendant should be detained. Thereafter, on July 28, 2011, the Defendant filed his "Emergency Motion to Revoke Detention Order" (docket entry #200).

When the district court, pursuant to 18 U.S.C. § 3145(a)(1), acts on a motion to revoke a magistrate judge's order for detention, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release. United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985). Having reviewed the transcript from the detention hearing as well as the respective briefing from the parties, the court finds that the Defendant should be detained.

## The Parties Entitlement to a Detention Hearing

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141, et seq., empowers a court to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, . . ." 18 U.S.C. § 3142(e). In enacting the Act, Congress

recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. 1986). The Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 107 S.Ct. 2095, 2105 (1987).

In deciding the question of detention, the court performs two important functions. First, the court exercises its historical right to preserve its jurisdiction in criminal cases by insuring that a defendant will appear as required in order to face pending charges. Berrios-Berrios, 791 F.2d at 250. Second, the court must also consider the legitimate societal interest implicated by the release of defendants charged with serious crimes. Under the Act, the inquiry is focused upon two highly relevant issues: (1) whether the defendant is likely to present a risk to flee the jurisdiction, if released; and (2) whether the defendant presents a risk of danger to the community, if released.

By its very language, the Act demonstrates its favorable inclination toward the pretrial release of federal criminal defendants. For example, the Act requires that the court must order release on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court cannot find that such unconditional release will reasonably assure appearance as required or guard against danger to the community, then release shall be ordered upon the "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," including, though not limited to, conditions specifically listed within the statute. 18 U.S.C. § 3142(c)(1)(B).

Under the Act, detention may be ordered only following a hearing. 18 U.S.C. § 3142(e), (f). The Government's right to a detention hearing, however, has been carefully circumscribed by Congress and exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug-related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves a serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror. 18 U.S.C. § 3142(f).

In determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required and the safety of any other person and the community, the court must take into account information concerning the following: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance or firearm; and (2) the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(1) & (2). Additionally, the court must consider the defendant's history and characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g)(3)(A). Further, the court must consider whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. 18 U.S.C. § 3142(g)(3)(B). Finally, the court must consider the nature and seriousness of the danger

to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(4).

## Discussion and Analysis

The Defendant is currently charged in one count of a five count indictment. Count One charges the Defendant with a violation of 21 U.S.C. § 846, conspiracy to distribute or possess with intent to distribute cocaine, methamphetamine, marijuana, or 3,4 methylenedioxymethamphetamine ("ecstasy").

The indictment triggers a statutory presumption that the Defendant should be detained. 18 U.S.C. § 3142(e). The statutory presumption carries great weight. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985).

At the detention hearing, the Government presented the testimony of Officer Gottlob. Officer Gottlob testified that at the time of the Defendant's arrest, the Defendant was in possession of approximately two ounces of methamphetamine. Officer Gottlob further testified that he had information that the Defendant was a distributer of drugs and a customer of the Cavazos drug trafficking organization.[1] Officer Gottlob further testified that while conducting surveillance of the Defendant's residence, several high-ranking members of the Cavazos drug organization were observed.

Officer Gottlob additionally testified that the Defendant was identified, via entries to seized drug ledgers and cooperating Defendants, as one who delivered several hundred pounds of marijuana. Officer Gottlob also testified that the Defendant was unemployed at the time he was

---

[1] Nazario Cavazos-Deluna is, according to the Government, a wealthy, large scale international drug trafficker and, apparently, the center of the criminal organization to which the Government contends the Defendant is involved.

interviewed by the probation department. Officer Gottlob further testified that the Defendant is subject to deportation to Mexico if convicted. Finally, on direct examination, Officer Gottlob testified that the Defendant uses marijuana daily. On cross-examination, Officer Gottlob testified that although the Defendant was under limited surveillance, nobody observed the Defendant engage in any narcotics transactions.

Elois Gonzalez, the Defendant's wife, testified that although the Defendant was born in Mexico, the Defendant has resided in the United States since he was a young child. Ms. Gonzalez further testified that the Defendant does not have a criminal record. Ms. Gonzalez finally testified that the Defendant has two young children.

Based on the above-referenced testimony, Judge Bush found that the Defendant presented a serious flight risk and a danger to the safety of another person or the community. In support of his findings, Judge Bush issued the following written statement of reasons for detention in his order of detention pending trial:

> Having heard the evidence presented, the Court finds that Defendant should be detained pending trial. He has not rebutted the presumption that he is a flight risk or the presumption that he is a danger to the community. The Government alleges that Defendant is responsible for the distribution of large amounts of cocaine, methamphetamine and marijuana and is a known user of large amounts of marijuana. Further, Defendant is a Mexican citizen. The Court finds that there are no conditions it could set that would ensure Defendant's future appearance here or the safety of the community.

Almost five months later, the Defendant filed his motion to revoke the Magistrate Judge's detention order. In his motion, the Defendant advises the court that after the detention hearing, counsel for the Defendant discovered that the Defendant only possessed 11.8 grams of methamphetamine at the time of his arrest, not two ounces. The Defendant contends that since Judge

Bush based his order of detention on inaccurate evidence concerning the quantity of methamphetamine seized, this court should order the Defendant released. The Defendant's argument, however, does not take into account that he possessed methamphetamine at the time of his arrest. Further, the Defendant's position neglects the evidence concerning the Defendant's delivery of hundreds of pounds of marijuana.

The very nature of drug offenses constitutes a danger to the community which may justify pretrial detention. United States v. Royal, 759 F. Supp. 1238 (E.D. Tex. 1990). Considering the nature of the offenses and the punishment, if convicted, the failure to rebut the presumption, the testimony at the detention hearing and the Defendant's role in the conspiracy, the court concludes from clear and convincing evidence that the Defendant poses a danger to the community and is a flight risk. Further, the court concludes that there is no condition or combination of conditions on which the Defendant could be released which would reasonably assure that the Defendant would not pose a danger to the community. Finally, the court concludes that there is no condition or combination of conditions on which the Defendant could be released which would reasonably assure the Defendant's presence at trial. Accordingly, the Defendant's "Emergency Motion to Revoke Detention Order" (docket entry #200) is hereby **DENIED**

IT IS SO ORDERED.

**SIGNED this the 18th day of August, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE